**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KENNETH CORTEZ MINOR,               :
                                    :  Civil Action No. 12-3927 (NLH)
            Petitioner,             :
                                    :
       v.                           :     **O P I N I O N**
                                    :
DONNA ZICKEFOOSE,                   :
                                    :
            Respondent.             :
_____ :

**APPEARANCES:**

Kenneth Cortez Minor, <u>Pro Se</u>
28862-016
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Paul A. Blaine
Assistant U.S. Attorney
Office of the U.S. Attorney
Camden Federal Bldg & Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101
Attorney for Respondent

**HILLMAN, District Judge**

Petitioner Kenneth Cortez Minor, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The respondent is the warden, Donna Zickefoose. Respondent filed a Response to the petition and the administrative record of the case (docket entry 5). Petitioner replied to Respondent's filing (docket entry 6).

Because it appears from a review of the submissions and record that Petitioner does not have jurisdiction under 28 U.S.C. § 2241 to assert his claims, the petition will be dismissed.

**BACKGROUND**

On December 3, 2007, Petitioner was sentenced in the United States District Court, District of Maryland to a 168-month term of imprisonment for conspiracy to distribute controlled substances. With all good conduct time available, he is projected to be released on April 15, 2018. According to the record of the case, upon Petitioner's entry into Bureau of Prisons ("BOP") custody the BOP determined Petitioner's Public Safety Factor ("PSF"), designed to ensure that inmates are placed in the appropriate facility. Based on the Pre-Sentence Investigation, Petitioner fired two shots from a handgun at a closed door as law enforcement officers approached. (Answer, p. 5). The BOP determined that his PSF qualified as Greatest Severity.

Petitioner argues in his petition that the BOP has misinterpreted the Program Statement concerning PSF assignment, amounting to an "atypical and significant hardship" in violation of his due process rights. (Petition, Memorandum of Law). Specifically, he argues that his "instant offense" is conspiracy to distribute cocaine, not the "post-offense conduct" of firing the shots.

Petitioner asks this Court to remand his case to the BOP for a redetermination of his PSF.

## DISCUSSION

**A.  Standards of Review**

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721–22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

**B.  Lack of Jurisdiction**

A habeas petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of

3

confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, however, Petitioner's challenge regarding his custody classification or PSF does not affect the fact or the length of his incarceration.  Consequently, habeas relief is unavailable to him.  See

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Recently, the Court of Appeal for the Third Circuit revisited this issue in Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012). In that case, the court of appeals reiterated that in order to invoke § 2241 jurisdiction, a petitioner must challenge the execution of his sentence. See Cardona, 681 F.3d at 535 (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005))(other citation omitted). While admitting that the "'precise meaning of 'execution of sentence' is hazy," the court of appeals specified that: "In order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 536-37 (quoting Woodall, supra, at 242)(footnote omitted). Because Cardona's petition did "not concern how BOP is 'carrying out' or 'putting into effect' his sentence, as directed in his sentencing judgment," he did not challenge the execution of his sentence, and therefore, there was no § 2241 jurisdiction. Id. at 537.

In the present case, Petitioner's claims plainly involve conditions of prison life, not the fact or duration of his incarceration. Nor do they concern or challenge how the BOP is carrying out the mandates of his sentencing judgment. He simply seeks a lower custody classification so that he may reap the benefits of the lower status. Thus, this action is more properly brought in an action under the Declaratory Judgments Act, 28

U.S.C. §§ 2201-2202, or in a civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

Consequently, the petition will be dismissed without prejudice to any right Petitioner may have to reassert his present claim in a properly filed civil complaint.[2]

---

[1] That claim is not before this Court and we therefore have no opinion on its merits. However, it would appear doubtful. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials, citing 18 U.S.C. § 4081, and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atlantic County Jail Facility, 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008) (it is well-established that an inmate has no liberty interest in a particular custody level or place of confinement). See also Marti v. Nash, 227 Fed. Appx. 148, 150 (3d Cir. 2007) (inmate has no due process right to any particular security classification and, therefore, could not challenge his public safety factor of "greatest severity", which prevented his placement in a minimum security facility).

[2] The Court notes that, should Petitioner decide to file a civil complaint in this District Court, he must either pay the $350.00 filing fee or submit a complete in forma pauperis ("IFP") application with a certified six-month prison account statement, pursuant to 28 U.S.C. § 1915(a)(2).

**CONCLUSION**

Based on the foregoing, this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby dismissed for lack of subject matter jurisdiction.

An appropriate Order accompanies this Opinion.


s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: November 30, 2012
At Camden, New Jersey